**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**DEAN A. McCONNELL,**

      **Plaintiff,**

**vs.**                              **Case No. 1:09cv63-MP/WCS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

                                  **/**

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

Plaintiff, Dean A. McConnell, applied for disability insurance benefits.  His last date of insured status for disability benefits was December 31, 2008.  R. 15.  Plaintiff was 40 years old at the time of the administrative hearing (on January 29, 2008), has a 9th grade education, and has past relevant work as a plumber.  R. 325, 327.  Plaintiff

alleges disability due to diabetic neuropathy, depression, anxiety, soreness in his shoulder, and burn injuries.  R. 73.

At step two, the Administrative Law Judge found that Plaintiff had the following "severe" impairments:  status post burns, diabetes mellitus, and an affective disorder. R. 17.  He found that Plaintiff has the residual functional capacity to perform sedentary work with postural limitations, climbing limitations, occasional upper bilateral limitations for pushing, pulling, or overhead reaching, and avoidance of exposure to extremes of temperature, humidity, and other environmental hazards.  R. 17-18.  He further found that although Plaintiff cannot perform his past relevant work as a plumber, he can do other work identified by the vocational expert.  R. 25.  He also determined that Plaintiff is not disabled according to the "grids."[1]  R. 26-27.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "If the Commissioner's decision is supported by substantial evidence we must

---

[1] Appendix 2 to Subpart P of Part 404 – Medical-Vocational Guidelines, found at: http://www.ssa.gov/OP_Home/cfr20/404/404-ap11.htm

affirm, even if the proof preponderates against it."  Phillips v. Barnhart, 357 F.3d 1232,

1240, n. 8 (11th Cir. 2004) (citations omitted).  The court must give "substantial

deference to the Commissioner's decision."  Dyer v. Barnhart, 395 F.3d 1206, 1211

(11th Cir. 2005).  "A 'substantial evidence' standard, however, does not permit a court to

uphold the Secretary's decision by referring only to those parts of the record which

support the ALJ.  A reviewing court must view the entire record and take account of

evidence in the record which detracts from the evidence relied on by the ALJ."  Tieniber

v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983).  "Unless the Secretary has analyzed

all evidence and has sufficiently explained the weight he has given to obviously

probative exhibits, to say that his decision is supported by substantial evidence

approaches an abdication of the court's 'duty to scrutinize the record as a whole to

determine whether the conclusions reached are rational.' "  Cowart v. Schweiker, 662

F.2d 731, 735 (11th Cir. 1981) (citations omitted).

A disability is defined as a physical or mental impairment of such severity that the

claimant is not only unable to do past relevant work, "but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  A disability is an

"inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12

months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must

be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122

S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

      The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):

1.      Is the individual currently engaged in substantial gainful activity?

2.      Does the individual have any severe impairments?

3.      Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.      Does the individual have any impairments which prevent past relevant work?

5.      Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of

the application for benefits.  A positive finding at step three results in approval of the

application for benefits.  At step four, the claimant bears the burden of establishing a

severe impairment that precludes the performance of past relevant work.  If the claimant

carries this burden, the burden shifts to the Commissioner at step five to establish that

despite the claimant's impairments, the claimant is able to perform other work in the

national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050,

1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove

that he or she cannot perform the work suggested by the Commissioner.  Hale v.

Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Legal analysis**

**Whether the ALJ erred at step two**

Plaintiff contends that the ALJ erred at step two by not finding that Plaintiff has

the "severe" impairments of major depressive disorder, social phobia, attention deficit

disorder, diabetic neuropathy, and chronic shoulder pain.

At step 2, the issue is whether Plaintiff has shown that he has a condition which

has more than "a minimal effect on her ability to: walk, stand, sit, lift, push, pull, reach,

carry, or handle, etc." Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985) (relying

on 20 C.F.R. § 404.1521). "[I]n order for an impairment to be non-severe, 'it [must be] a

slight abnormality which has such a minimal effect on the individual that it would not be

expected to interfere with the individual's ability to work, irrespective of age, education,

or work experience.' " Parker v. Bowen, 793 F.2d 1177, 1181 (11th Cir. 1986), *citing*

Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984), Edwards v. Heckler, 736 F.2d

625, 630 (11th Cir. 1984), and Flynn, 768 F.2d at 1274. "Step two is a threshold inquiry.

It allows only claims based on the most trivial impairments to be rejected. The

claimant's burden at step two is mild." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th

Cir. 1986) (clarifying Brady).

An erroneous finding as to "severe" impairments at step 2 may improperly

foreclose a claimant's "ability to demonstrate the merits of her claim for disability with

respect to her former work activities." Flynn, 768 F.2d at 1275. Impairments must be

evaluated in combination at all stages of the analysis. 20 C.F.R. §§ 404.1523 and

416.923; Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990). Impairments must be

evaluated in combination even though some impairments are not severe. Hudson v.

Heckler, 755 F.2d 781, 785 and n. 2 (11th Cir. 1985). The Eleventh Circuit has

"repeatedly held that an ALJ must make specific and well-articulated findings as to the

effect of the combination of impairments when determining whether an individual is

disabled." Davis v. Shalala, 985 F.2d at 534.

Even if there is error at step 2, however, a remand is not needed if the error is

harmless because the ALJ considered the limiting effects of the impairment at each

succeeding step, along with other impairments. Riepen v. Commissioner of Social Sec.,

198 Fed.Appx. 414, 415 (6th Cir. Oct 10, 2006) (not selected for publication in the

Federal Reporter, No. 05-2407); Reed-Goss v. Astrue, 291 Fed.Appx. 100, 101 (9th Cir.

Aug 25, 2008) (not selected for publication in the Federal Reporter, No. 07-35477);

Newton v. Astrue, 2008 WL 915923, *10 (N.D. Ga. Apr 01, 2008) (No.

CIV.A.1:06CV1542AJB).

The Administrative Law Judge in this case thoroughly discussed all of the

evidence concerning Plaintiff's major depressive disorder and social phobia at steps

three through five. He discussed the evaluation and treatment by Robert Brochu, D.O.,

which included a diagnosis of social anxiety, panic disorder, and depression. R. 18. He

discussed the psychiatric evaluation by Murray S. Renfrew, M.D., which included a

finding that Plaintiff's affect was anxious, his mood was depressed, and his diagnosis of

recurrent major depression, moderate, and cannabis dependence with anxiety and

depression. R. 18-19. He discussed the evaluation and treatment for depression by

William E. Guy, M.D., and his prescription of Lexapro.[2]  R. 19.  The ALJ discussed the

February, 2006, consultative psychological evaluation by Bernard B. Balcourf, Ph.D.,

where social anxiety was reported, Plaintiff was found to be moderately anxious with

depressed mood, the diagnosis was major depressive disorder, recurrent and of

moderate intensity, social phobias, and suspected attention deficit disorder, and Dr.

Balcourf assigned a GAF score of 60.[3]  R. 20-21.  He discussed Plaintiff's treatment at

Meridian Behavioral Healthcare in July, 2006, for depression, panic, and anxiety, with a

diagnosis of moderate recurrent major depressive disorder and moderate generalized

anxiety disorder.  R. 21.  He discussed a return to Dr. Guy in November, 2006, with

anxiety disorder as the diagnosis.  R. 22.  He discussed a return to Meridian Behavioral

Healthcare in June, 2007, to begin treatment for depression, with a diagnosis of major

depressive disorder with psychiatric symptoms and some paranoid thinking.  R. 22.

Finally, the ALJ discussed the evaluation of the state agency psychologist, who

determined from these records that Plaintiff has only mild restrictions of activities of

daily living, maintaining concentration, persistence, and pace, moderate limitations of

---

[2] Lexapro is prescribed for major depression a persistently low mood that interferes with daily functioning.  PDRhealth™, PHYSICIANS DESKTOP REFERENCE, found at http://www.pdrhealth.com/drugs/drugs-index.aspx.

[3] Global Assessment of Functioning.  A GAF score of 51-60 indicates: "Moderate symptoms ( e.g., flat affect and circumstantial speech, occasional panic attacks ) OR moderate difficulty in social, occupational, or school functioning ( e.g., few friends, conflicts with peers or co-workers).  A GAF score of 61-70 indicates: "Some mild symptoms ( e.g., depressed mood and mild insomnia ) OR some difficulty in social occupational, or school functioning (e.g., occasional truancy or theft within the household ), but generally functioning pretty well, has some meaningful interpersonal relationships."  *See*  http://psyweb.com/Mdisord/DSM_IV/jsp/Axis_V.jsp.

social functioning, and no limitations in performing simple and repetitive instructions.  R. 23-24.

The Administrative Law Judge concluded from this that Plaintiff has only mild restrictions of activities of daily living, finding that he helped his wife and mother get his children ready for school, helped with household chores, and was a caretaker for his young children when his wife worked.  R. 24.  He found that Plaintiff has only mild limitations of social functioning because there was evidence that Plaintiff goes grocery shopping with his wife, plays with his children and helps them with their homework, has friends visit a couple of times a week, has a friend come over to help with chores, and hunts on his property.  R. 24.  The ALJ found that Plaintiff has moderate deficiencies in concentration, persistence, and pace, but can perform simple repetitive tasks on a sustained basis.  R. 24.  He concluded that Plaintiff can "work well in a low stress environment performing simple repetitive instructions and tasks."  R. 24.

In summary, the failure of the ALJ to find that Plaintiff's depression and social phobia were "severe" impairments at step two was harmless error.  He acknowledged that Plaintiff had some limitations in these areas, and thoroughly discussed the evidence at later stages of analysis.

The ALJ noted the question of attention deficit disorder.  R. 18, 21.  He accounted for the possibility that Plaintiff had that impairment by his finding that Plaintiff is limited to "work well in a low stress environment performing simple repetitive instructions and tasks."  R. 24.  The failure to find Plaintiff's attention deficit disorder to be a "severe" impairment was harmless error.

Case No. 1:09cv63-MP/WCS

The ALJ also discussed the evidence concerning Plaintiff's diabetic neuropathy. He mentioned the finding of Dr. Guy, that Plaintiff had type 2 diabetes mellitus with peripheral neuropathy.  R. 19.  He noted the findings of Robert A. Greenberg, M.D., that Plaintiff had decreased sensation over both feet and decreased strength in the legs measuring 4 out of 5, but otherwise had no motor, sensory, or reflex abnormalities, had no difficulty walking on his toes, tandem walking, or walking of his heels, and had a diagnosis of "non-insulin dependent diabetes with severe peripheral neuropathy."  R. 20.  He noted treatment in the Dixie County Health Department in June, 2006, when Plaintiff's gait was normal, his motor strength was 5/5, there was a diagnosis of diabetes and bilateral peripheral neuropathy in the lower extremities, and Avandia[4] was prescribed.  R. 21.  He discussed the findings of Jesse A. Lipnick, M.D., that Plaintiff had decreased reflexes and sensation bilaterally in the knees and to the distal wrist, with the impression that Plaintiff has diabetic neuropathy.  R. 21.  He noted that Dr. Lipnick referred Plaintiff to vocational rehabilitation and told Plaintiff to walk briskly one-half mile per day.  R. 21.  He noted that Plaintiff went to physical therapy and was said to be improving.  R. 22.  He noted that Dr. Lipnick found that Plaintiff often forgot to take his diabetes medicines, and entered a diagnosis of diabetes mellitus, uncomplicated and uncontrolled.  R. 22.  The ALJ concluded from all of this that Plaintiff is limited "to sedentary exertion due to his peripheral neuropathy."  R. 23.  Also, he found that Plaintiff could not climb ladders, ropes, or scaffolding.  R. 26.  The ALJ, therefore, accounted for Plaintiff's diabetic neuropathy at every step of the analysis.  Accordingly,

---

[4] Avandia is used to treat adults with type 2 diabetes, in conjunction with diet and exercise.  PDRhealth™, PHYSICIANS DESKTOP REFERENCE.

the failure of the ALJ at step two to find that Plaintiff has the "severe" impairment of diabetic neuropathy was harmless error.

Finally, the ALJ discussed the evidence that Plaintiff has chronic shoulder pain. He noted the findings of Dr. Lipnick that Plaintiff has "degenerative spurring at the AC joint with down sloping of the acromion processes creating mild impingement," and had "mild tendonosis."  R. 21.  He noted Dr. Lipnick's diagnosis of bilateral rotator cuff tendonitis with possible bilateral AC joint arthritis."  R. 21.  The ALJ then accounted for this by finding that Plaintiff had "occasional limitations with his upper extremities and overhead reaching as there was evidence of mild impingement syndrome."  R. 23. Thus, the failure to find that Plaintiff had the "severe" impairment of chronic shoulder pain was harmless error.

**Whether the ALJ failed to consider Plaintiff's impairments in combination**

Plaintiff contends that the ALJ failed to consider his mental and medical impairments in combination.  Doc. 14, p. 6.  Plaintiff argues that since the ALJ failed to find certain impairments to be "severe" at step two, he "could not help but fail to consider all of [Plaintiff's] impairments in combination, as required."  *Id*., p. 8.  Plaintiff does not refer to any particular portion of the ALJ's opinion in support of this claim.

This is unpersuasive for the reasons set forth above.  The ALJ thoroughly discussed all of Plaintiff's impairments, both individually and in combination.

**Whether the ALJ erred in finding Plaintiff not disabled in light of the vocational expert's testimony**

The gist of this claim is that Plaintiff has been found at various times to suffer from affective disorder, anxiety, and social phobia.  Doc. 14, p. 8.  The ALJ asked the

Case No. 1:09cv63-MP/WCS

vocational expert to consider a hypothetical individual having the restrictions that the ALJ ultimately found Plaintiff to have. R. 341-343. The vocation expert testified that such an individual would still be able to perform the work that he had identified, that is, "call out operator" and "surveillance system monitor." R. 342-343. The ALJ then added a restriction that the hypothetical individual "can have only occasional interaction with others." R. 343. The expert said that such an individual could not do the jobs he had identified, and he said that he knew of "no others" that such a person could perform. *Id.* Plaintiff argues that the ALJ erred by not relying upon the latter testimony of the vocational expert.

The problem with this argument is that the ALJ did not ultimately find that Plaintiff's residual functional capacity requires that he "can have only occasional interaction with others." He found that Plaintiff has only mild limitations of social functioning. R. 24. As noted earlier, he reasoned that there was evidence that Plaintiff goes grocery shopping with his wife, plays with his children and helps them with their homework, has friends visit a couple of times a week, has a friend come over to help with chores, and hunts on his property. R. 24. To challenge this finding, Plaintiff must show that the conclusion, that Plaintiff has only "mild" limitations of social functioning, is not supported by substantial evidence in the record. Plaintiff has made no argument as to that point and has not challenged this finding.

**Conclusion**

Considering the record as a whole, the findings of the Administrative Law Judge correctly followed the law and were based upon substantial evidence in the record. The

decision of the Commissioner to deny Plaintiff's application for benefits should be affirmed.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2009.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**